IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**CHESTER LIGGINS, #M9950**                                                                          **PLAINTIFF**

**VERSUS**                                                  **CIVIL ACTION NO.  2:08-cv-227-KS-MTP**

**RONALD KING, DR. RON WOODALL,**
**and CHRISTOPHER EPPS**                                                                         **DEFENDANTS**

ORDER

This cause comes before this Court on Plaintiff's Motion for Temporary Restraining Order [5] and Motion to Issue Summons [7]. Upon consideration of these Motions and applicable case law, the Court has reached the following conclusion.

In order to obtain injunctive relief, a plaintiff must satisfy the stringent test set forth in Mississippi Power & Light Co. v. United Gas Pipe Co., 760 F.2d 618 (5th Cir. 1985) citing Canal Auth. of State of Florida v. Callaway, 489 F.2d 567 (5th Cir. 1974).  The granting or denial of a motion for a temporary restraining order rests in the sound discretion of the trial court. Canal Auth. of State of Florida v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974).  However, the movant bears the burden of satisfying the four prerequisites for the extraordinary relief of a temporary restraining order.  Id.  The four prerequisites are:  (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) the threat and injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting the injunction will not disserve the public interest.  Id.  These requirements are not balanced, but rather each one must be met before the court can grant such a drastic remedy as a temporary restraining order.  Mississippi Power & Light Co., 760 F.2d at 621.  In considering these prerequisites the court must bear in

mind that a temporary restraining order is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion. <u>Allied Mktg. Group, Inc. v. CDL Mktg., Inc.</u>, 878 F.2d 806, 809 (5th Cir.1989). The primary justification for applying this remedy is to preserve the court's ability to render a meaningful decision on the merits. <u>Canal Auth. of State of Florida v. Callaway</u>, 489 F.2d 567, 573 (5th Cir. 1974).

This Court will be able to render a meaningful decision without granting a temporary restraining order. There is no substantial threat that Plaintiff will suffer irreparable injury if the temporary restraining order is not granted. In light of the foregoing prerequisites and standards, it is clear that Plaintiff's Motion for a Temporary Restraining Order should be denied without a hearing. Plaintiff's motion fails to met each of the four prerequisites stated above. Therefore, it is hereby, ORDERED:

1. That Plaintiff's Motion for a Temporary Restraining Order [5] is denied**;**

2. That Plaintiff's Motion to Issue Summons [7] is denied as moot; and

3. That this Court hereby refers this cause to **United States Magistrate Judge Michael T. Parker** for all further proceedings provided for by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure to include conducting hearings and submitting to the district judge assigned to this cause proposed findings of fact and recommendations for the disposition of this cause.

SO ORDERED, this the <u>14th</u> day of November, 2008.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE