# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**CHESTER LIGGINS**                                                                           **PLAINTIFF**

**VS.**                                                **CIVIL ACTION NO. 2:08cv227-MTP**

**RONALD KING,** *et al.*                                                       **DEFENDANTS**

## ORDER

THIS MATTER is before the court on the Motions for Summary Judgment [42][45] [51], filed by Defendants Ron Woodall and Ron King. Having considered the submissions of the parties and the applicable law, the court finds that Defendants' motions [42] and [51] should be granted and that this matter should be dismissed without prejudice. Ron Woodall's motion [45] should be denied as moot.

### Factual Background

Plaintiff Chester Liggins, proceeding *pro se* and *in forma pauperis,* filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on October 16, 2008. In his Complaint, Plaintiff alleges a claim for the denial of adequate medical treatment against Defendants Ron Woodall and Ron King in violation of the Eighth Amendment.[1] Plaintiff's claims occurred at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi, where he is currently incarcerated. Defendants filed motions for summary judgment [42][51] claiming in part that this action should be dismissed for Plaintiff's failure to exhaust his administrative remedies. In addition, Ron Woodall filed a separate motion for summary judgment [45] on the merits of Plaintiff's claims. Plaintiff has filed his responses [49][50] in opposition to the motions.

---

[1] Plaintiff also named Christopher Epps as a Defendant in this matter, but moved to voluntarily dismiss him during his *Spears* hearing. *See* Scheduling and Case Management Order [29].

## Standard

This court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, the Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 708, 712.

## Analysis

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (stating that the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)); *Lane v. Harris Cty. Med. Dep't*, No. 06-20935, 2008 WL 116333, at *1 (5th Cir. Jan. 11, 2008) (stating that under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules"). "Indeed . . . a prisoner must now exhaust administrative remedies even where the relief

sought-monetary damages-cannot be granted by the administrative process." *Woodford*, 548 U.S. at 85.

Miss. Code Ann. § 47-5-801 grants the Mississippi Department of Corrections ("MDOC") the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") "through which an offender may seek formal review of a complaint relating to any aspect of their incarceration." MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK[2] at Ch. VIII, ¶ 3. The ARP is a three-step process. Inmates are required to initially submit their grievances in writing to a Division Head or Adjudicator within thirty days of an incident. If, after screening, a grievance is accepted into the ARP, the request is forwarded to the appropriate official, who will issue a First Step Response. If the inmate is unsatisfied with this response, he may appeal to the Superintendent or Warden of the institution, who will then issue a Second Step Response. If still aggrieved, the inmate may appeal to the Commissioner of MDOC, who will issue a Third Step Response. After the Third Step Response is issued, the Administrator of the ARP will issue the inmate a certificate stating that the inmate has exhausted his administrative remedies and that he can proceed to court. *See* MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK at Ch. VIII; *see also Cannady v. Epps*, No. 3:04cv107-HTW-JCS, 2006 WL 1676141, at *1 (S.D. Miss. June 15, 2006). MDOC's ARP program received court approval in *Gates v. Collier*, GC 71-6-S-D (N.D. Miss. February 15, 1994). *See Marshall v. Price*, 239 F.3d 365, 2000 WL 1741549, at *1 (5th Cir. Nov. 6, 2000).

---

[2]*See* http://www.mdoc.state.ms.us/Inmate%20Handbook.htm. (Last visited September 25, 2009).

Defendants claim that Plaintiff's complaint should be dismissed for failure to properly exhaust his administrative remedies. In support of their motions, Defendants submitted the affidavit of Joseph Cooley, ARP Program Investigator II, along with Plaintiff's ARP records. *See* Exs. A and B to Motion [42-2].

On or about March 18, 2008, Plaintiff filed an ARP request alleging that he is being denied adequate medical treatment. Specifically, he claims he was injured on the job prior to his incarceration, and that the medical staff at SMCI have failed to properly treat him for his injuries and have failed to make him an appointment with an outside specialist. *See* Ex. B to Motion [42-2]. On April 21, 2008, Plaintiff's request was accepted as the First Step by the ARP's Legal Claims Adjudicator. Plaintiff's First Step Response Form is dated April 23, 2008. *Id.*

In his complaint, Plaintiff claims that he received his First Step Response Form on May 15, 2008, and mailed his Second Step to Ron King on May 15, 2008, the date his Second Step is signed. *See* Complaint [1] at 3 and Ex. 4 to Complaint. Plaintiff alleges Mr. King never responded to his Second Step.

On September 24, 2008, David Petrie, ARP Legal Claims Adjudicator, wrote Plaintiff a letter denying his second step as untimely. *See* Ex. B to Motion [42-2]. Specifically, the letter stated,

> You recently submitted paperwork to Appeal to the Second Step of the Administrative Remedy Procedure. Your request was not timely submitted, and is therefore being denied. The Administrative Remedy Procedure provides that appeals to the Second Step must be submitted within five (5) days of the date of receipt of your First Step Response. No further correspondence concerning this matter should be necessary.

*See* Ex. B to Motion [42-3] at 9.

Based on the record, it is unclear when Plaintiff actually mailed his Second Step

Response. However, even assuming his Second Step was timely submitted and he never received a response, Plaintiff had the duty to continue to the third step in order to complete the ARP process. The Inmate Handbook provides, "Absent . . . an extension, expiration of response time limits without receipt of a written response shall entitle the inmate to move on to the next step in the process." Inmate Handbook, Ch. IX (A).[3] *See Ratliff v. Jackson*, No. 3:05-CV-340-WHB-AGN, 2005 WL 2035505, at *2 (S.D. Miss. Aug. 23, 2005) (dismissing prisoner's complaint for failure to exhaust). In *Ratliff*, the court rejected the plaintiff's claim that he was unable to complete the ARP because he never received a first step response. *Ratliff*, 2005 WL 2035505, at *2. The court found plaintiff's argument to be "misguided" because the ARP "allows an inmate to proceed to the next level when he fails to receive a response in the time frames provided for in the program." *Id.*

Based on the record before the court, Plaintiff failed to complete Step Three of the ARP, and thus failed to properly exhaust his claims. *See Johnson v. Cheney*, 313 F. App'x 732, 733 (5th Cir. 2009) (affirming dismissal of prisoner's complaint for failure to exhaust, reasoning "because Johnson never filed a Step 2 grievance complaining of the strip search, he never 'pursue[d] the grievance remedy to conclusion' as he is required to do"); *Taylor v. Burns*, No. 4:08CV036-A-S, 2009 WL 1515015, at *3 (N.D. Miss. May 29, 2009) (holding that plaintiff's arguments that the prison "mishandled his grievance in contradiction of MDOC policy" and failed to timely respond to his second step did not excuse his failure to complete all three steps of the ARP). Further, Plaintiff has failed to demonstrate that he should be excused from the

---

[3]*See* http://www.mdoc.state.ms.us/Inmate%20Handbook.htm. (Last visited September 25, 2009).

requirement to exhaust.[4]  As stated by the United States Supreme Court:

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance.  The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules.  A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction . . . .

*Woodford*, 548 U.S. at 95.  Because Plaintiff did not properly follow the MDOC's administrative review process and failed to complete all three steps of the ARP, he has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).  *Id.*; *see also Johnson*, 261 Fed. App'x at 755 (dismissing prisoner complaint for failure to exhaust administrative remedies based on untimely filing of grievance); *Lane*, 2008 WL 116333 at *1 (affirming dismissal of prisoner complaint for failure to exhaust administrative remedies by failing to complete administrative review process); *Agee v. Berkebile*, No. 3:07-CV-1070-B, 2008 WL 199906, at *3 (N.D. Tex. Jan. 24, 2008) (holding that by failing to resubmit a corrected version of procedurally defective grievance, prisoner "voluntarily halted the administrative process prematurely" and therefore did not exhaust his administrative remedies).  Accordingly, Defendants' Motions [42][51] should be granted and this action should be dismissed.

---

[4] The Fifth Circuit has recognized as an excuse from the exhaustion requirement "circumstances where administrative remedies are inadequate because prison officials have ignored or interfered with a prisoner's pursuit of an administrative remedy." *Johnson*, 261 Fed. Appx. at 755 (citing *Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982)).  Further, a prisoner's failure to exhaust "may be excused where dismissal would be inefficient or would not further the interests of justice or the purposes of the exhaustion requirement." *Id*. (citing *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *overruled on other grounds by Carbe v. Lappin*, 492 F.3d 325 (5th Cir. 2007)).

**IT IS, THEREFORE, ORDERED:**

1. That Defendants' Motions [42][51] are granted and this action is hereby dismissed without prejudice.

2. Ron Woodall's Motion [45] is denied as moot.

3. A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

This the 5th day of October, 2009.

                                              s/ Michael T. Parker
                                              United States Magistrate Judge